**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ABRAHAM SHITRAI ISRAEL and SARAH IRIS
ISRAEL,

                            Plaintiffs,

v.

BARBARA GUINN, et al.,

                            Defendants.

5:25-cv-00248 (BKS/MJK)

---

**Appearances:**

*Plaintiffs Pro se:*
Abraham Shitrai Israel
Erie County Holding Center
40 Delaware Ave.
Buffalo, New York 14202

Sarah Iris Israel
Buffalo, New York

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

Plaintiffs pro se Abraham Shitrai Israel and Sarah Iris Israel filed this action under 42

U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments, the Fair Housing

Act, 42 U.S.C. § 3601 et seq., the New York State Constitution, and various state laws. (Dkt.

No. 1). Plaintiffs also filed motions to proceed in forma pauperis ("IFP"). (Dkt. Nos. 2, 3). This

action was referred to United States Magistrate Judge Mitchell J. Katz who, on May 15, 2025,

issued a Report-Recommendation and Order granting Plaintiffs' IFP applications and

recommending that Plaintiffs' complaint be dismissed with leave to replead certain claims within

thirty (30) days of the date of this Order. (Dkt. No. 6).

Presently before the Court are Plaintiffs' objections to the Report-Recommendation, (Dkt. Nos. 7, 8), as well several, unrelated, "Letter Motions" and submissions by Plaintiffs, (Dkt. Nos. 9, 11, 13, 14, 15). For the reasons set forth below, the Report-Recommendation is accepted in part and rejected in part.

## II.    FACTS[1]

Plaintiffs A.S. Israel and S.I. Israel are husband and wife and are disabled. (Dkt. No. 1, ¶¶ 1, 9). S.I. Israel has "diabetes, osteoporosis, [and] sepsis" and requires "home health care services."[2]  (*Id.* ¶ 17). In or about April 2024, Plaintiffs moved from Buffalo, New York into an "inherited property" in Syracuse, New York. (*Id.*). On May 7, 2024, Plaintiff A.S. Israel applied to the Onondaga County Department of Social Services ("DSS") for "emergency public housing assistance . . . with getting the lights turned back on" after National Grid refused due to a "potential danger of a fire hazard" and required that the "pole lines" be fixed first. (*Id.*).[3] Plaintiffs also applied to DSS for home health care services, adult protective services, and Medicaid services for S.I. Israel. (*Id.*). Defendants Tyneisha Gary and Susan Puthuparamil, DSS emergency assistance workers, and Defendant Bandy Schremp, a DSS "IM Specialist," denied these applications. (*Id.*). "Plaintiffs were forced to live off a generator." (*Id.*). On June 13, 2024, after Plaintiffs were able to hire an electrician to fix the electrical service wires, electricity was "restore[d] . . . to their residence." (*Id.*).

---

[1] The facts are drawn from the complaint and its attached exhibits. (Dkt. No. 1).

[2] The complaint does not allege the nature of A.S. Israel's disability.

[3] The complaint indicates that Plaintiffs also applied for public assistance for "new gas lines [and] a winter furnace" and appears to allege that Defendants Gary, Puthuparamil, and Schremp denied this request but provides no dates. (Dkt. No. 1, ¶ 18).

In October 2024, the basement of Plaintiffs' home flooded. (Dkt. No. 1, ¶ 9). On or about November 5, 2024, Plaintiffs applied DSS for assistance with "water pipe repair" and "shelter." (*Id.*; Dkt. No. 1-1, at 8; Dkt. No. 1-3, at 2). DSS denied the request for assistance with "water pipe repair" on the ground that A.S. Israel was "not the property owner," (Dkt. No. 1-1, at 8), but approved temporary emergency housing assistance at a local Econo Lodge from November 5, 2024 to December 5, 2024. (Dkt. No. 1, ¶ 9). Plaintiffs did not agree with the "the agency's action" and requested a fair hearing. (Dkt. No. 1-3, at 3).

On November 15, 2024, Plaintiffs were "gang assaulted" at the Econo Lodge on November 15, 2024 by other DSS tenants. (*Id.*). A.S. Israel "was cut with a razor in his face" and suffered "head contusions, lacerations to his upper lip" and head and back injuries. (*Id.* ¶ 10). S.I. Israel suffered "a fractured wrist and swollen ligaments." (*Id.*). Defendants Stacy Wickes and Lucas Byron, Town of Dewitt Police Officers, "responded and deprived the Plaintiffs of emergency medical assistance, crime victim assistance, and illegally ejected plaintiffs from their temporary shelter." (*Id.*). As a result, Plaintiffs "were forced to . . . go to the local hospital on their own without transport by medical technicians." (*Id.*). At the hospital, A.S. Israel received a call from Defendant Gary, who said Plaintiffs "were not allowed to return back to the Econo Lodge hotel." (*Id.* ¶ 22). As a result,  Plaintiffs "were forced to go back to their residence in the freezing cold now having no water. (*Id.*).

On November 20, 2024, after requesting evidence of Plaintiff's "home ownership for emergency home pipe repair," Defendant Puthuparamil, an "Emergency Assistance Worker" at DSS, denied Plaintiffs' request for "food, water, and moving expenses," falsely stating that A.S. Israel said that he "did not want emergency public assistance." (*Id.* ¶ 12).

On December 9, 2024, a fair hearing was held before an administrative law judge. (Dkt. No. 1-1, at 15). A.I. Israel appeared at the hearing. (*Id.*). On December 16, 2024, Defendant Barbara Guinn, Commissioner of the New York State Office of Temporary Disability Assistance, "by an appointed designee," issued a "Decision After Fair Hearing" affirming the DSS's denial of Plaintiff's November 5, 2024 application for emergency public assistance of "immediate pipe repair" on the ground that A.S. Israel failed to show he owned the property. (Dkt. No. 1, ¶ 12; Dkt. No. 1-1, at 21). Plaintiffs maintain they are the property owners and attached a copy of the property deed to the complaint. (Dkt. No. 1, ¶ 13; Dkt. No. 1-1, at 2–6).

## III.    REPORT-RECOMMENDATION

Construing the complaint liberally, Magistrate Judge Katz found the complaint asserted six claims arising from Plaintiffs' "request for emergency housing and funds to repair their home," including violation of Plaintiffs' rights under the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. § 3601 et seq., the New York State Constitution, and New York statutes and regulations, and that it sought money damages. (Dkt. No. 6, at 5). As noted, the Report-Recommendation recommended dismissal of the complaint for failure to state a claim and that Plaintiffs be granted leave to amend certain claims. (*Id.* at 13–15). The Report-Recommendation's findings and conclusions are summarized as relevant throughout the Discussion. *See supra* Part V.

## IV.    STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.*

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven

a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320,

2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011)

(citation omitted). Findings and recommendations as to which there was no properly preserved

objection are reviewed for clear error. *Id.* To the extent a party makes "merely perfunctory

responses, argued in an attempt to engage the district court in a rehashing of the same

arguments" in the original submission, the Court will only review for clear error. *Ortiz v.

Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## V.    DISCUSSION

Plaintiffs filed a one-paragraph objection to the Report-Recommendation restating their

claims and objecting specifically to "the Court's assertion that the claim is a myriad of disjointed

accusations not containing a clear concise statement of civil injuries inflicted by the Defendants."

(Dkt. No. 7, at 1) (quotation marks omitted).[4]

### A.    Section 1983 Claims

#### 1.    Fourteenth Amendment – Procedural Due Process

Magistrate Judge Katz recommended dismissal of any claim arising from the December

16, 2024 "Decision After Fair Hearing" affirming the denial of Plaintiffs' application for

emergency funds to repair the water pipe in their home, and other benefits, on the grounds that:

---

[4] S.I. Israel filed a letter stating that the Report-Recommendation was sent only to A.S. Israel, but not to her. (Dkt. No. 8, at 1). The Court accordingly mailed the Report-Recommendation to S.I. Israel and extended the period for filing objections. (Dkt. No. 12). No further objections were filed.

(1) Plaintiffs failed to allege that they "exhaust[ed]" "the remedies afforded by [an] Article 78 [proceeding]"; (2) Plaintiffs have not otherwise alleged "a systemic problem such that their obligation to pursue an Article 78 proceeding can be excused"; and (3) "the complaint is disjointed," thus prohibiting the Court from "discern[ing] which of Plaintiffs' claims, if any, seek damages arising from the denial of their application for emergency funds to repair their home, or whether they seek remedies separate and apart from the relief denied." (Dkt. No. 6, at 6–7).

The Court understands Plaintiffs' objection to the Report-Recommendation's characterization of the complaint as containing a "myriad of irrelevant references," (Dkt. No. 6, at 5 n.2), and "disjointed," precluding discernment of Plaintiffs' claims, (*id.* at 7), as an objection to dismissal of the claim regarding the DSS Defendants' denial of their application for emergency assistance with funds to repair their home and for shelter following the Econo Lodge assault, (*see* Dkt. No. 7, at 1 (Plaintiffs arguing that Defendants "deprived [them] of a protected interest" and of "fair housing assistance" and asserting that there is "no water or gas in the residence in question"). Plaintiffs' objection has merit to the extent that, construed liberally, Plaintiffs' allegations are discernable insofar as they suggest a Fourteenth procedural due process claim stemming from the DSS Defendants' denial of their application for public assistance. Although the Report-Recommendation's discussion of the availability of an Article 78 proceeding implicitly recognizes Plaintiffs' claims as alleging deprivation of procedural due process, it does not explicitly refer to a procedural due process claim. Thus, in an abundance of caution in light of Plaintiffs' status as pro se litigants and their objection, and so Plaintiffs have the benefit of the Court's analysis, the Court reviews their procedural due process claim de novo.

"The Fourteenth Amendment prohibits a state from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" *WWBITV, Inc. v. Vill. of Rouses Point*, 589

F.3d 46, 50 (2d Cir. 2009) (citing U.S. Const. amend. XIV, § 1). The Fourteenth Amendment's

Due Process Clause contains both a procedural component and a substantive component.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The procedural component applies where there is

an alleged deprivation by government action of a constitutionally protected interest without

sufficient procedural safeguards, such as notice and a hearing. *Id.*

Review of a procedural due process question involves a "two-step inquiry;" the Court

"must determine (1) whether [the plaintiff] possessed a liberty or property interest and, if so, (2)

what process [the plaintiff] was due before [the plaintiff] could be deprived of that interest."

*Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). Public assistance benefits "have

long been afforded constitutional protection as a species of property protected by the federal Due

Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg v. Kelly*,

397 U.S. 254, 262 & n.8 (1970)).

"When reviewing alleged procedural due process violations, the Supreme Court has

distinguished between (a) claims based on established state procedures and (b) claims based on

random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v.

City of New York ("HANAC")*, 101 F.3d 877, 880 (2d Cir. 1996). "When the state conduct in

question is random and unauthorized, the state satisfies procedural due process requirements so

long as it provides meaningful post-deprivation remedy." *Rivera-Powell v. New York City Bd. of

Elections*, 470 F.3d 458, 465 (2d Cir. 2006). The Second Circuit has "held on numerous

occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy" to

address "a random, arbitrary deprivation of property or liberty." *HANAC*, 101 F.3d at 881, 882.

Here, Plaintiffs allege that they pursued a fair hearing through the Office of Temporary

and Disability Assistance in connection with the denial of their application for emergency relief

to repair a broken water pipe at their residence, but that Defendant Guinn, through her designee, wrongfully affirmed DSS's denial of the application. (Dkt. No. 1). "New York State law provides public assistance applicants remedies to challenge the denial of benefits, including fair hearings under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, as well as an appeals process through Article 78 proceedings." *Waheed v. Park*, No. 24-cv-9787, 2025 WL 1127176, at *5, 2025 U.S. Dist. LEXIS 72537, at *13 (S.D.N.Y. Apr. 14, 2025). Further, "[t]hese procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with government entitlement programs." *Id.* (citing *Banks v. Human Res. Admin.*, No. 11-cv-2380, 2013 WL 142374, at *3, 2013 U.S. Dist. LEXIS 4737, at *8 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-cv-565, 2004 WL 2754673, at *5, 2004 U.S. Dist. LEXIS 24147, at *17 (S.D.N.Y. Dec. 1, 2004)). As Magistrate Judge Katz noted, there are no allegations "demonstrating that Plaintiffs availed themselves of the remedies afforded by Article 78," in connection with the request for assistance repairing a broken water pipe or any of their other requests for public benefits. (Dkt. No. 6, at 7); *see Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983."). Accordingly, Magistrate Judge Katz properly concluded that the complaint failed to state a plausible claim that Defendants violated Plaintiffs' right to procedural due process in denying their requests for public benefits.

### 2.    Defendants Guinn, Schremp, Puthuparamil, and Gary

Magistrate Judge Katz recommended dismissal of all claims under 42 U.S.C. § 1983 against Defendants Guinn, Schremp, Puthuparamil, and Gary. (Dkt. No. 6, at 7–8). Magistrate Judge Katz found that even if Plaintiffs "fully exhausted their Article 78 remedies," Plaintiffs' constitutional claims under 42 U.S.C. § 1983 would nevertheless fail because: (1) there is no

"fundamental right to public housing or emergency shelter," (Dkt. No. 6, at 7–8) (quoting *Mallgren v. John Doe Corp.*, No. 13-cv-1265, 2013 WL 1873319, at \*4, 2013 U.S. Dist. LEXIS 63794, at \*11 (E.D.N.Y. May 2, 2013)); and (2) "'a plaintiff cannot assert claims under Section 1983 for the deprivation of rights guaranteed by the [Fair Housing Act], ADA or the Rehabilitation Act' because the 'FHA contains a comprehensive enforcement mechanism for the rights cited by the Plaintiffs under [42 U.S.C.] § 3604,'" (*id.* at 8 (quoting *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 333–34 (E.D.N.Y. 2012))).

Plaintiffs do not specifically object to Magistrate Judge Katz's recommended dismissal of their § 1983 claims against the Defendants Guinn, Schremp, Puthuparamil, and Gary. Accordingly, the Court reviews for clear error.

As discussed, the Court agrees that Plaintiffs' Fourteenth Amendment procedural due process claims are subject to dismissal on the ground that Plaintiffs had an available Article 78 remedy. However, to the extent the Report-Recommendation also recommends, in the alternative,  dismissal of Plaintiffs' procedural due process claim on the ground that there is no "'fundamental right to public housing or emergency shelter,'" (Dkt. No. 6, at 7–8), such dismissal would be clear error. While Magistrate Judge Katz correctly observed that housing is not a fundamental constitutional right, *Acevedo v. Nassau Cnty.*, 500 F.2d 1078, 1080–81 (2d Cir. 1974) (finding that the defendants "have no constitutional or statutory duty to provide low income housing"), because Plaintiffs' alleged property interests are derived from state public assistance benefits, they are, as discussed above, protected by procedural due process, *Kapps*, 404 F.3d at 112; *see also Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 339 (E.D.N.Y. 2014) (explaining that when alleged right is not fundamental, the protections of substantive due process do not apply, but that property interests "derived from state law" "'are protected by

*procedural* due process'" (first citing *Tessler v. Paterson*, 451 F. App'x 30, 32–33 (2d Cir. 2011), and then quoting *Local 342, Long Island Pub. Serv. Emps v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994)). Therefore, to the extent Magistrate Judge Katz recommends dismissal of Plaintiffs' Fourteenth Amendment procedural due process claim on the ground that public assistance benefits for housing are not a fundamental right, such recommendation is rejected. However, to the extent Magistrate Judge Katz recommends dismissal of any Fourteenth Amendment *substantive* due process claim, the Court adopts the recommendation. *See Marino*, 18 F. Supp. 3d at 32–33.

Magistrate Judge Katz also recommended dismissal of Plaintiffs' § 1983 claims against Defendants Guinn, Schremp, Puthuparamil, and Gary on the ground that the FHA contains a comprehensive enforcement mechanism that would prohibit the use of § 1983 to seek relief for alleged violations of the FHA. (Dkt. No. 6, at 8). The Court finds no clear error and adopts the recommendation that all claims seeking relief for alleged violations of the FHA under § 1983 be dismissed. The Court notes, however, that to the extent Plaintiffs seek relief for an alleged violation of their right to procedural due process, such claim would fall outside the FHA, and thus is appropriately pursued under § 1983. *See Sinisgallo*, 865 F. Supp. 2d at 329–33 (analyzing the plaintiffs' procedural due process claim but explaining that to the extent the plaintiffs also "assert[ed] claims under Section 1983 for the deprivation of rights guaranteed by the FHA," such claims were unlikely to succeed as the FHA provided a "comprehensive remedial scheme"). The Court therefore rejects the Report-Recommendation to the extent it recommends dismissal of Plaintiffs' procedural due process claim on this ground.

### 3.    Defendants Wickes and Byron[5]

The Report-Recommendation recommends dismissal of Plaintiffs' claim that Defendants

Wickes and Byron deprived them of medical treatment following the alleged assault, in violation

of the Fourteenth Amendment, on the ground that "the Due Process Clauses" "generally confer

no affirmative right to governmental aid." (Dkt. No. 6, at 10 (quoting *DeShaney v. Winnebago*

*Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989))). Magistrate Judge Katz recommended that

dismissal of this claim be "with prejudice and without leave to amend." (*Id.*). The Court finds no

clear error in the recommendation that Plaintiffs' Fourteenth Amendment deprivation of medical

treatment claim be dismissed but concludes that dismissal without prejudice and with leave to

amend is more appropriate in this case.

While the Report-Recommendation accurately cites *DeShaney* for the proposition that, in

general, the Due Process Clause does not confer an affirmative right to governmental aid, (Dkt.

No. 6, at 10), the Second Circuit has recognized "two exceptions to this general principle": the

"special relationship exception" and the "state-created danger exception," *Matican v. City of New*

*York*, 524 F.3d 151, 155–57 (2d Cir. 2008). First, "in exceptional circumstances[,] a

governmental entity may have a constitutional obligation to provide such protection . . . because

of a special relationship with an individual." *Carr v. Cnty. of Sullivan*, No. 16-cv-06850, 2018

WL 3733952, at *7, 2018 U.S. Dist. LEXIS 131667, at *17 (S.D.N.Y. Aug. 3, 2018) (quoting

*Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993)). "Second, a constitutional

obligation to protect the life, liberty and property of an individual against invasion by private

actors may exist if "the governmental entity itself has created or increased the danger to the

---

[5] The Report-Recommendation refers to Defendant Byron as Defendant Brown. It is not clear whether there is a basis for the name change in the record. Accordingly, the Court utilizes the name Byron, as used in the Complaint.

individual." *Id.* 2018 WL 3733952, at *7, 2018 U.S. Dist. LEXIS 131667, at *17 (quoting *Ying Jing Gan*, 996 F.3d at 533). Thus, while successful amendment may be difficult and unlikely, the Court cannot say amendment of Plaintiffs' denial of medical care claim would be futile.

In addition, the Court is mindful of the Second Circuit's admonition that "a pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Thus, while the Court is skeptical that Plaintiffs can succeed in stating a Fourteenth Amendment claim arising from Defendants Wickes and Byron's allegedly inadequate response to the alleged assault and to Plaintiffs' medical needs, the Court cannot say that any amendment would be futile. Accordingly, the Court declines to adopt the recommendation of dismissal with prejudice and without leave to amend.

Magistrate Judge Katz recommended dismissal of Plaintiffs' Eighth Amendment claim against Defendants Wickes and Brown on the ground that "its protections only apply to individuals convicted of a crime, which Plaintiffs are not." (Dkt. No. 6, at 9 (citing *Felix v. City of New York*, 23-cv-5411, 2025 WL 754148, at *3, 2025 U.S. Dist. LEXIS 42966, at *8 (E.D.N.Y. Mar. 10, 2025)). Plaintiffs do not specifically object to this aspect of the Report-Recommendation. Therefore, having reviewed for clear error and having found none, the Court adopts the recommendation that Plaintiffs' Eighth Amendment claim be dismissed with prejudice and without leave to replead.

### B.    Fair Housing Act

The Report-Recommendation recommended dismissal of Plaintiffs' claim that Defendants denied them housing assistance (or assistance to make necessary repairs) and

emergency housing, in violation of the Fair Housing Act. Magistrate Judge Katz found that even assuming Plaintiffs' claims fall within the scope of the Fair Housing Act, dismissal was required as the Complaint "was devoid of any allegations" of discrimination based on "race, color, religion, sex, familial status, or national origin." (Dkt. No. 6, at 8 (quoting 42 U.S.C. § 3604(a)). As relevant here, the FHA also prohibits making housing unavailable on the basis of disability. 42 U.S.C. § 3604(f)(2). Plaintiffs articulate no specific objection to Magistrate Judge Katz's recommendation of dismissal. Accordingly, having reviewed for clear error and having found none, the Court adopts the recommendation that the Fair Housing Act claim be dismissed without prejudice and with leave to amend.

### C.    Supplemental Jurisdiction

Having recommended dismissal of all federal claims, the Report-Recommendation further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismiss them without prejudice. (Dkt. No. 6, at 11–12). Again, Plaintiffs make no specific objection to this recommendation. Accordingly, having reviewed for clear error, the Court adopts the recommendation insofar as it recommends that the Court decline to exercise jurisdiction. Thus, all state law claims are dismissed without prejudice.

## VI.    LETTER MOTIONS

### A.    Voluntary Dismissal

In a "Letter Motion of Withdrawal" dated June 9, 2025 and signed by both Plaintiffs, Plaintiffs stated that they "cancel this case in Ishi name ameen." (Dkt. No. 9). Construing Plaintiffs' Letter as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Court advised Plaintiffs that the case was dismissed without prejudice but to notify the Court by June 27, 2025, if dismissal was not their intention. (Dkt. No. 10). In a letter dated June 23, 2025, Plaintiffs responded that dismissal was not their intent and requested that the case

continue. (Dkt. No. 11). Accordingly, Plaintiff's Letter Motion of Withdrawal, (Dkt. No. 9), is denied.

### B.    Request for Injunctive Relief

In a letter dated August 21, 2025, A.S. Israel states that he has been "fraudulent[ly] arrested" by "the Buffalo PD," and that he is being "hampered by the State of New York" from communicating with S.I. Israel because of a "full stay away order of protection." (Dkt. No. 13). A.S. Israel asserts that because this order restricts communication with his wife, the co-plaintiff in this case, it is "illegally . . . restrict[ing] [him] from defending this civil action." (*Id.* at 2). A.S. Israel requests "immediate judicial intervention" to enable him to "continue to defend this action." (*Id.*). To the extent this letter constitutes a request for injunctive relief, it is denied as unrelated to the underlying claims in this case. For injunctive relief to issue, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See Candelaria v. Baker*, No. 00-cv-0912, 2006 WL 618576, at *3, 2006 U.S. Dist. LEXIS 13238, at *10 (W.D.N.Y. Mar. 10, 2006) (finding that the plaintiff, "as a matter of law," was "not entitled to a preliminary injunction" because the relief sought concerned activities that occurred "subsequent to the commencement of this action"). Accordingly, A.S. Israel's request for injunctive relief, (Dkt. No. 13), is denied.

### C.    Motion to Withdraw IFP Motion

Following Magistrate Judge Katz's entry of an order granting Plaintiffs' motion to proceed IFP, (Dkt. No. 6, at 13), A.S. Israel filed a letter motion and affidavit requesting to withdraw his IFP motion. (Dkt. Nos. 14, 15). A.S. Israel is advised that if he withdraws his motion to proceed IFP, he will be required to pay the filing fee of $405.00 in full in order to proceed with this action. If the filing fee is not paid, A.S. Israel will be dismissed as a plaintiff in this action. Accordingly, A.S. Israel is directed to, within thirty (30) days of the date of this

Order, pay the $405.00 filing fee or file a status report stating he seeks to continue to proceed IFP. If no filing fee is paid or status report filed within thirty (30) days of the date of this Order, A.S. Israel's motion to withdraw his IFP status will be granted and he will be dismissed as a plaintiff in this action.

## VII.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 6) is **ADOPTED in part** and **REJECTED in part** as discussed above; and it is further

**ORDERED** that Plaintiffs' Eighth Amendment claim is **DISMISSED with prejudice and without leave** to replead; and it is further

**ORDERED** that the remainder of the Complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to replead** within thirty (30) days from the date of this Order; and it is further

**ORDERED** that if Plaintiffs fail to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Clerk is directed to enter judgment without further order of this Court. In any amended complaint, Plaintiffs must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. It is further

**ORDERED** that Plaintiffs' Letter Motions (Dkt. No. 9, 13) are **DENIED**; and it is further

**ORDERED** that A.S. Israel is directed to, within thirty (30) days of the date of this Order, pay the $405.00 filing fee or file a status report stating he seeks to continue to proceed IFP. If no filing fee is paid or status report filed within thirty (30) days of the date of this Order, A.S. Israel's motion to withdraw his IFP status (Dkt. Nos. 14, 15) will be granted and he will be dismissed as a plaintiff in this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>October 16, 2025</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge